# UNITED STATED of America, Plaintiff–Appellee,

v.

# Robert WOODBURY, Defendant–Appellant.

No. 02–30329.

D.C. No. CR–01–00110–RFC.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Robert Woodbury appeals his forty-two-month sentence, following a guilty plea conviction for money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) pursuant to a plea agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Woodbury first challenges the district court's imposition of a three-level upward adjustment for being a manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b). We review for clear error a district court's finding that a defendant qualifies for a role adjustment. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000). Woodbury claims that the undisputed facts contained in the presentence report are insufficient to establish by a preponderance of the evidence that he exercised any control or authority over others. We disagree. Because § 3B1.1(b) only requires some, rather than complete, control over others, *see United States v. Egge,* 223 F.3d 1128, 1131–32 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2000), and the uncontested facts show that Woodbury instructed others on transferring the funds, often compensated them, and on at least one occasion provided transportation, we find no clear error. *See also United States v. Varela*, 993 F.2d 686, 692 (9th Cir.1993) (finding an upward adjustment under § 3B1.1 proper where a defendant "coordinate[ed] the activities of the other participants to the extent necessary to complete the transaction").

Woodbury next challenges his sentence on Eighth Amendment grounds, arguing that his sentence is the functional equivalent of life imprisonment because he only has a two-year life expectancy. The Supreme Court, however, recently rejected this argument in *Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 1174 n. 1, 155 L.Ed.2d 144 (2003).

AFFIRMED.